UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LLOYD MILLS,

    Plaintiff,

v.                                Case No.: 8:08-CV-00434-T-17-TBM

VERIZON, an OHIO STATE
Telecommunications Corporation,
SCOTT DENNIS, Customer
Advocacy Specialist, VERIZON,
And COY DUKES, individual,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

This cause comes before the Court on Plaintiff's Preliminary Statement[1] (Doc. No. 1), Defendants, Verizon and Scott Dennis', Motion to Dismiss with Prejudice, or in the Alternative, Motion for More Definite Statement, and Incorporated Memorandum of Law (Doc. No. 15), and Plaintiff's Response to Defendants, Verizon and Scott Dennis', Motion to Dismiss, and/or Motion for More Definite Statement (Doc. No. 22). Upon review of the pleadings, this Court finds that the Plaintiff's Preliminary Statement does not adequately state a cause of action. Therefore, and for the reasons set forth, the Defendants' Motion to Dismiss pursuant to Federal Civil Rule of Procedure 12(b)(6), is hereby **GRANTED** without prejudice. All other Motions are hereby **DENIED**.

---

[1] This Court construes this document to be a Complaint.

1

## I. BACKGROUND[2]

Plaintiff, Michael Lloyd Mills, presently domiciled within the Florida Department of Corrections, was the sole proprietor and owner of Entertainment Limousine/Taxi, Westchauffer LL. The company was a limited liability company that Plaintiff had purchased from his father in 2003, and the company was operated and licensed in Florida. Shortly after purchasing the company, Plaintiff transferred the business telephone line number (727) 518-7433, or "518-RIDE," from Plaintiff's father's ownership to his own. Both Plaintiff and his father were present and produced drivers' licenses to confirm their identities, and the telephone number was thus transferred to Plaintiff's name.

Plaintiff operated his business, including advertising his services, utilizing the phone number "518-RIDE." In November 2004, Plaintiff was incarcerated at the Pinellas County Jail. While Plaintiff was incarcerated, Verizon amended some of its policies and procedures for the transfer of telephone lines to allow transfers to be made over the telephone or electronically. Subsequently, Verizon removed Plaintiff from ownership of the telephone number "518-RIDE," and transferred it to Coy Dukes. When Plaintiff was released from incarceration, he contacted Verizon and asked that the telephone number be returned to his name, however Verizon declined to do so. Plaintiff filed a written complaint with Verizon's fraud department.

On March 20, 2006, Plaintiff was incarcerated again, and he allowed Paul Conley and Brook Wilcox to operate Entertainment Limousine/Taxi, Westchauffer LL in his absence. On September 12, 2006, Verizon terminated the telephone number "518-RIDE" due to outstanding invoices totaling $3,200.00. Defendants, Dennis and Verizon, advised Plaintiff that his

---

[2] The following facts are taken from the Plaintiff's Preliminary Statement (Doc. 1) in this cause and are accepted as true only for the purposes of resolving the pending motions.

2

ownership of the telephone numbers could not be restored without satisfying the invoices first. Additionally, on September 12, 2006, Defendant Verizon activated a new account for Paul Conley and Brook Wilcox for the telephone number "517-RIDE." Subsequently, on February 10, 2007, Plaintiff received response from State Attorney McCabe stating that Defendant Coy Dukes never held ownership of the phone number "518-RIDE," as evidenced by a thorough investigation.

Plaintiff alleges that he never consented to, or had knowledge of, the removal of the telephone number "518-RIDE" from his name. Plaintiff calculated fiscal business losses averaging $4,000.00 per month in lost clientele due to the very similar phone number of "517-RIDE," and $6,250.00 fiscal losses for advertisements. Plaintiff alleges that Verizon negligently, knowingly and deliberately violated his Constitutional rights by altering security protections and allowing Coy Dukes to take ownership of the telephone number "517-RIDE." Plaintiff further alleges that he lost business due to the acts and omissions of the Defendants, and has suffered emotional distress due to these acts and omissions.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that any Defendant may assert the defense of "failure to state a claim upon which relief can be granted" to a claim for relief. Fed.R.Civ.P. 12(b)(6). Further, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for the relief sought. Fed.R.Civ.P. 8(a)(2-3). In deciding whether to grant a motion to dismiss on these grounds, a court must accept "the allegations in the Complaint as true and construe them in the light most favorable to the nonmoving party." *Starosta v. MBNA America Bank, N.A.*, 244 Fed. Appx. 939, 941 (11th Cir. 2007) (quoting from *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005).

However, "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions..." *Bell Atlantic Corp. et al. v. Twombly*, 127 S. Ct. 1955, 1964-65 (U.S. 2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 (1957); *Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1959.

Although the Court must afford a *pro se* litigant wide leeway in pleadings, a *pro se* litigant is nonetheless required to satisfy necessary burdens in that he is "not relieved of his obligation to allege sufficient facts to support a cognizable legal claim," and "to survive a motion to dismiss, a Plaintiff must do more than merely label his claims." *Excess Risk Underwriters, Inc. v. Lafayette Ins. Co.*, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Dismissal is, therefore, permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Ligget Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Marshall City Bd. of Educ. v. Marshall City Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## III. DISCUSSION

Upon review of the Preliminary Statement (Doc. No. 1), this Court is unable to ascertain the Plaintiff's claims brought under the Statement of Claims. Further, Plaintiff's Response to Defendants' Motion to Dismiss and/or Motion for a More Definite Statement serves only to repeat and defend Plaintiff's original Complaint, not to clarify Plaintiff's claims for the Defendants and the Court. Plaintiff lists Amendment Rights he claims have been violated by Verizon, and yet he fails to give any factual allegations of the exact manner in which his rights

have been violated.

In Count I, Plaintiff alleges that his "Fourth Amendment Right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures" has been violated by the Defendants. However, at no point in his Complaint does the Plaintiff express in what way and by what means this right has been violated. The Plaintiff also alleges that his Fifth and Fourteenth Amendment Rights have been violated, but fails to enumerate the facts necessary to allege these claims. In addition, Verizon is not a governmental actor, and the Fourth and Fifth Amendments require "state action" to be triggered. Verizon is a private company and is not liable under the Constitution.

In the same manner, and without justification, the Plaintiff alleges that the Defendants have also violated numerous acts, including the Federal Privacy Act of 1974, State and Federal Deceptive and Unfair Trade Practices Act, Consumer Fraud Protection Act, Telecommunications Consumer Protection Act, Product Liability Laws, Public Laws as well as negligence, fraud, deliberate indifference, collusion, defamation, and "destruction, alteration, and falsification of Plaintiff's intellectual property, libel, injuries defamation, and theft of property" (Doc. No. 1). It is unclear and ambiguous from the Complaint which actions of the Defendants gave rise to which claim.

Moreover, from the facts that the Plaintiff alleges, it is difficult to ascertain what actually occurred that gave rise to the lawsuit, the causes of action against the Defendants, or the relief sought by the Plaintiff. Within the four corners of the Complaint, it is impossible to determine which complaints the Plaintiff is alleging against each Defendant. The allegations in the Complaint are so vague and ambiguous that Defendants cannot reasonably prepare a response. Although this Court construes the allegations in favor of the Plaintiff, and this Plaintiff receives

more leeway because he is *pro* se, this Court cannot add missing, albeit necessary, allegations in order to form a well-pleaded Complaint.

Another inadequacy with the Complaint lies in Section VII. Relief(s). The Plaintiff provides amounts he is seeking for damages, but it is impossible to establish how the Plaintiff determined these amounts. Finally, the Plaintiff is seeking $150,000.00 for pain and suffering damages, however the Plaintiff only alleges a claim for economic damages. Any damages related to a contract for telephone services are barred by the Economic Loss Rule, which bars recovery in tort where the act "complained of relates to the performance of the contract." *Allen v. Stephan Co.*, 784 So.2d 456, 457 (Fla.Dist.Ct.App.2000). Furthermore, "A service provider's mere failure to exercise reasonable care in performing a service contract does not render it liable in tort to every party who loses revenue or incurs additional expense." *Indemnity Ins. Co. v. American Aviation, Inc.* 891 So. 2d. 532 (Fla. 2004). Therefore, the Plaintiff is seeking damages that are impossible to obtain under Florida law. The other claims the Plaintiff alleges do not give rise to damages under Florida law.

## IV. CONCLUSION

The Court has thoroughly reviewed all documents submitted for consideration on this matter, and for the reasons set forth above, it is

**ORDERED** that the Defendants, Verizon and Scott Dennis', Motion to Dismiss with Prejudice, or in the Alternative Motion for More Definite Statement, and Incorporate Memorandum of Law (Doc. No. 15) is **GRANTED** without prejudice. Plaintiff has fifteen (15) days from the date of this order to file his Amended Complaint to correct the noted deficiencies. The Defendants shall have ten (10) days to respond to the amended Complaint after it is filed. Failure to file the amended Complaint in a timely manner will result in dismissal of the entire

# 8:08-CV-00434-T-17-TBM

case.

DONE and ORDERED in Chambers, in Tampa, Florida, this 23rd day of September, 2008.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.